UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ASHLEY BOND,
    Plaintiff,

vs.

VANDENBERG, CHASE & ASSOCIATES LLC
a Georgia limited liability corporation,
and
DOES I - IV,
    Defendant(s)         /
_____/

**COMPLAINT**
**(Jury Trial Demand)**

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer, ASHLEY BOND (hereinafter "ASHLEY BOND" or "Consumer"), for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and the Florida Consumer Collection Practices Act, Florida Statutes, Chapter 559.55, *et seq.* (hereinafter the "FCCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. VANDENBERG, CHASE AND ASSOCIATES LLC's (hereinafter, "VANDENBERG CHASE") violations of the FDCPA and the FCCPA include but are not limited to telephone calls to a third party to whom VANDENBERG CHASE : (1) disclosed the existence of the debt; (2) accused Consumer of "writing a bad check" (or words to that effect; and (3) represented that the Consumer was "being investigated for fraud" (or words to that effect). Consumer seeks an award of statutory damages (in the amount of $ 2,000 consisting of

$ 1,000 pursuant to the FDCPA and $ 1,000 pursuant to the FCCPA) and actual damages against each of the Defendants and punitive damages against VANDENBERG CHASE.

2. The Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, states: "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

## I. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and this Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2002.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the conduct complained of because, at all times relevant, Plaintiff resided in this District (Hernando County, Florida) and the Defendants transact business here. Furthermore, VANDENBERG CHASE placed at least one telephone call to Consumer's home in this District.

## II. PARTIES

5. Plaintiff, ASHLEY BOND (hereinafter, "ASHLEY BOND"), is a natural person who, at all times relevant, resided in Brooksville, Hernando County, Florida.

### "VANDENBERG, CHASE AND ASSOCIATES LLC"

6. Defendant, VANDENBERG, CHASE AND ASSOCIATES LLC (hereinafter "VANDENBERG CHASE") is a Georgia limited liability corporation whose principal place of business is 887 West Marietta Street, Suite J-102 in Atlanta, GA (30318).

2

7. Defendant, VANDENBERG CHASE may be served through its Florida registered agent, Incorp Services, Inc., 17888 67th Court North, in Loxahatchee, Florida (33470).

8. Plaintiff also sues the person or persons who created, approved, directed, and/or participated in the collection practices that are the subject of this litigation. The identity of these persons is known to Defendant VANDENBERG CHASE but is not presently known to Plaintiff. These defendants are hereinafter referred to as Defendants DOE I and DOE IV. (Defendants VANDENBERG CHASE and DOES I - III are hereinafter collectively referred to as the "Defendants").

9. Plaintiff also sues the person or persons who discussed the Alleged Account with Christopher Sumner and shall be referred to as "DOE IV". ASHLEY BOND is informed and believes that DOE IV's communications originated from VANDENBERG CHASE's facilities. This employee's true name is known to Defendant VANDENBERG CHASE is not known to Plaintiff ASHLEY BOND.

10. Defendants VANDENBERG CHASE and DOES I - IV are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6) because they regularly use the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Middle District of Florida.

11. All acts of the individual (DOE) defendants described below were committed with the intent to collect the Account on behalf of defendant VANDENBERG CHASE.

### ASHLEY BOND

14. At all times material hereto, ASHLEY BOND was a "consumer" as this term is defined under 15 U.S.C. § 1692a(3) and Florida Statutes, § 559.55(2).

## IV FACTUAL ALLEGATIONS

15. At all times material hereto, Ace Cash Express was a "creditor" as this term is defined under 15 U.S.C. § 1692a(4) and Florida Statutes, § 559.55(3). Ace Cash Express engages in deferred check presentment contracts commonly referred to as "payday loans".

16. At all times material hereto, the credit card account (the "Account") was a "debt" as this term is defined under 15 U.S.C. § 1692a(5) and Florida Statutes, § 559.55(1).

17. At some unknown time in the past, VANDENBERG CHASE directly or indirectly contracted with Ace Cash Express (or its successors in interest) for the purpose of collecting the afore described consumer debt.

18. As more particularly described below, commencing on or about late April, 2009, VANDENBERG CHASE through its agents, employees, and/or representatives began a pattern of conduct reasonably calculated to harass, threaten or coerce ASHLEY BOND into paying the Account.

19. On or about late April, 2009, DOE IV called Christopher Sumner, DOE IV repeatedly told Mr. Sumner that :

    (A)   ASHLEY BOND was "in trouble";

    (B)   ASHLEY BOND was "in trouble for fraud" (or words to that effect);

    (C)   "I am an investigator"; and

    (E)   ASHLEY BOND was being investigated for fraud (or words to that effect).

DOE IV instructed Mr. Sumner to communicate these statements to ASHLEY BOND.

4

20. All communications, including all of the communications by Defendant DOE IV were made on behalf of Defendant VANDENBERG CHASE.

21. The acts and omissions of VANDENBERG CHASE and its employees were willful, malicious, intentional and knowing, and in gross or reckless disregard of the rights of ASHLEY BOND and were part of VANDENBERG CHASE's regular and routine debt collection practices.

22. As an actual and proximate result of the acts and omissions of the Defendants, ASHLEY BOND has suffered actual damages and injury, including but not limited to, embarrassment, shame, apprehension (that Defendants would also contact her family), stress, irritability, loss of sleep, worry, mental anguish, emotional stress, and suffering for which he should be compensated in an amount to be established by jury and at trial. Plaintiff ASHLEY BOND is entitled to the actual and statutory damages pursuant to the FDCPA and statutory and punitive damages pursuant to the FCCPA.

23. ASHLEY BOND has retained the undersigned law office to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

## V. FIRST CLAIM FOR RELIEF
### (Fair Debt Collections Practices Act)

24. Plaintiff ASHLEY BOND repeats and re-alleges and incorporates by reference paragraphs 1 through 23 above.

25. As more particularly described above, Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

(a) Defendants VANDENBERG CHASE and DOES I-IV violated 15 U.S.C. § 1692b(2) which prohibits debt collectors from communicating to any person other than the consumer that such consumer owes any debt;

(b) Defendants VANDENBERG CHASE and DOES I - IV violated 15 U.S.C. § 1692c(b) which, subject to statutory exceptions which are not applicable in this case, prohibits debt collectors from communicating with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector;

(c) Defendants VANDENBERG CHASE and DOES I - IV violated 15 U.S.C. § 1692d prohibiting debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(d) Defendants VANDENBERG CHASE and DOES I - IV violated 15 U.S.C. § 1692e(7) by falsely representing or implying that the consumer committed any crime or other conduct in order to disgrace the consumer; and

(e) Defendants VANDENBERG CHASE and DOES I - II violated 15 U.S.C. § 1692e(10) by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

26. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees (pursuant to 15 U.S.C. § 1692k).

## VI. SECOND CLAIM FOR RELIEF
(Florida Consumer Collections Practices Act)

27. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs 1 - 23.

38. Defendants VANDENBERG CHASE and DOES I - IV violated the state Act. Defendants' violations of the State Act include, but are not limited to, the following:

 (a) The Defendants VANDENBERG CHASE and DOES I - III violated Fla. Stat., Ch. 559, § 559.72(5) which prohibits debt collectors from disclosing to a person other than the debtor or his family information affecting the debtor's reputation with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

39. Defendants knew that Christopher Sumner did not have a legitimate business need for the information and that the information was, in whole or in part, false.

40. Defendants' acts as described above were done intentionally with the purpose of collecting or attempting to collect a debt or to coerce Plaintiff to pay the alleged debt.

41. As a result of the above violations of the state Act, the Defendants are liable to the Plaintiff for actual damages, statutory damages, punitive damages, attorney's fees and costs pursuant to F.S. CH 559, § 559.77.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, VANDENBERG CHASE AND ASSOCIATES LLC and DOES I - IV. The acts and omissions of VANDENBERG CHASE AND ASSOCIATES LLC including its employees were willful, malicious, intentional and knowing, and in gross or reckless disregard of the rights

of ASHLEY BOND and were part of VANDENBERG CHASE's regular and routine debt collection practices, for the following:

A. Actual damages pursuant to 15 U.S.C. § 1692k and F.S., CH 559, § 559.77;

B. Statutory damages pursuant to 15 U.S.C. § 1692k;

C. Statutory damages pursuant to F.S., CH 559, § 559.77;

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and F.S., CH 559, § 559.77;

E. Punitive damages pursuant to F.S., CH 559, § 559.77; and

G. For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands *trial by jury* on all issues so triable in this action.

RESPECTFULLY SUBMITTED on this 18th day of OCTOBER, 2009..

*Donald E. Petersen*
DONALD E. PETERSEN
Law Office of Donald E. Petersen
Post Office Box 1948
Orlando, FL 32802-1948
Voice :     (407) 648-9050
Facsimile : N/A
E.C.F. (Only) : depecf@cfl.rr.com
Email : petersen221@yahoo.com
F.B.N.          0776238
Attorney for the Plaintiff